# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| HARRY HOLT, et al., ) | |
|     Plaintiffs, ) | No.: 3:07-cv-00727 |
| ) | Judge Haynes |
| vs. ) | |
| ) | |
| CITY OF DICKSON, et al., ) | |
|     Defendants. ) | |

## NOTICE OF DEPOSITION UPON WRITTEN QUESTIONS

TO:    Beatrice Holt, Bianca Bentley, Bonita Holt, Brandon Holt, David Brown, Jr., Demetrius Holt, Harry Holt, Jasmine Orsted, O'Brian Holt, Patrick Holt, Sr., Patrick Holt, Jr. and Sheila Holt-Orsted
c/o George Barrett, Esquire
Barrett, Johnston & Parsley
217 2nd Avenue North
Nashville, TN 37219

Dickson County
c/o Timothy V. Potter, Esquire
Reynolds, Potter, Ragan & Vandivort, PLC
210 E. College Street
Dickson, TN 37055

Commissioners of TDEC and TDOH
c/o Michael Markham, Esquire
Office of the Attorney General
Civil Litigation & State Services Division
Cordell Hull Building, Second Floor
P.O. Box 20207
Nashville, TN 37202-0207

Pursuant to Rule 31 the Federal Rules of Civil Procedure, notice is hereby given that defendant, City of Dickson, Tennessee, shall take the deposition upon written questions attached hereto as Exhibit 1 of Ms. Sharon O. Jacobs, attorney at law, Bone McAllester Norton, Nashville City Center, Suite 1600, 511 Union Street, Nashville, TN

37219.  The deposition will take place at the law offices of Bone McAllester Norton, Nashville City Center, Suite 1600, 511 Union Street, Nashville, TN 37219, on August 13, 2009 at 10:00 a.m.  It will be recorded by stenographic means by a court reporter from the court reporting firm of Elite Reporting Services, P.O. Box 292382, Nashville, TN 37229.  Said deposition shall be taken pursuant to the Federal Rules of Civil Procedure and shall be used as discovery, evidence, or any purpose permitted therein.

       Respectfully submitted,

*/s/ Teresa Reall Ricks*
Teresa Reall Ricks (BPR #014459)
Beth L. Frazer (BPR# 024964)
Farrar & Bates, L.L.P.
211 Seventh Avenue North, Suite 500
Nashville, TN  37219
(615) 254-3060


*/s/   William H. Farmer*
William H. Farmer
Jones W. Luna
Jennifer Brundige
Farmer & Luna, PLLC
333 Union Street, Suite 300
Nashville, TN 37201
(615) 254-9146
*Attorneys for City of Dickson*

Certificate of Service

       The undersigned hereby certifies that on this the 29th day of June, 2009, a true and correct copy was sent via electronic mail to:

George Barrett, Esquire
Edmund L. Carey, Jr., Esquire
David W. Garrison, Esquire
Barrett, Johnston & Parsley
217 2nd Avenue North
Nashville, TN 37219

Debo Adegbile, Esquire
Matthew Colangelo, Esquire
ReNika Moore
NAACP Legal Defense Educational
Fund, Inc.
99 Hudson Street, 16th Floor
New York, NY 10013

Lorraine S. McGowen, Esquire
Alyssa Englund, Esquire
Orrick, Herrington & Sutcliffe, LLP
666 Fifth Avenue
New York, NY 10103

Joe R. Whatley, Jr., Esquire
Amy Weaver, Esquire
Joe R. Whatley, Jr., Esquire
Whatley, Drake & Kallas, LLC
P.O. Box 10647
Birmingham, AL 35202-0647
*Attorneys for the Plaintiffs*


Timothy V. Potter, Esquire
Kirk Vandivort, Esquire
Reynolds, Potter, Ragan & Vandivort, PLC
210 E. College Street
Dickson, TN 37055
*Attorneys for Defendant Dickson County*

Michael Markham, Esquire
Office of the Attorney General
Civil Litigation & State Services Division
Cordell Hull Building, Second Floor
P.O. Box 20207
Nashville, TN 37202-0207
*Attorney for Defendants Commissioners of TDEC and TDOH*


Gary A. Davis
Rebecca C. Kaman
Gary A. Davis & Associates
P.O. Box 649
61 North Andrews Avenue
Hot Springs, NC 28743
*Attorneys for the Plaintiffs in case no. 3:08-cv-00321,
consolidated for the purposes of discovery only*


                                                    */s/ Teresa Reall Ricks*
                                                    Teresa Reall Ricks

**EXHIBIT 1**

1. Please state your full name and place of employment.

2. Are you an attorney licensed to practice law in the state of Tennessee? If yes:

    a. How long have you held your license?

    b. Has your license been revoked or suspended at any time?

3. Attached hereto as Exhibit 2 is a letter dated November 29, 2000 addressed to the County Executive of the Dickson County Courthouse. Did you write this letter (or authorize its issuance)?

4. If you wrote the letter attached as Exhibit 2, was it written for the purpose of obtaining records on all analytical data of sampling for testing conducted on soil, drinking water and groundwater in Dickson County, Tennessee, including, but not limited to sampling conducted for those properties located within approximately one-mile of the Dickson County landfill?

5. If you wrote the letter attached as Exhibit 2, was it written on behalf of, or for any purpose relating to, any member of the Holt family? For the purposes of this deposition, the "Holt family," refers to Beatrice Holt, Bianca Bentley, Bonita Holt, Brandon Holt, David Brown, Jr., Demetrius Holt, Harry Holt, Jasmine Orsted, O'Brian Holt, Patrick Holt, Sr., Patrick Holt, Jr. and/ or Sheila Holt-Orsted, all of whom are

plaintiffs in the cause of action styled <u>Harry Holt, et. al. v. City of Dickson, et. al.</u>, United States District Court for the Middle District of Tennessee, Case No.: 3:07-cv-00727. If yes, upon which Holt family member(s)' behalf, or relating to which Holt family member(s) for any purpose, was the letter written?

6. If you wrote the letter attached as Exhibit 2, and it was not written on behalf of, or for any purpose relating to, any member of the Holt family, on whose behalf and for what purpose was the letter written?

7. The letter attached as Exhibit 2 contains a reference to 17 specific wells located in Dickson County, Tennessee: (1) 4300851, (2)4300277, (3) 4300553, (4)4300524, (5)99002519, (6)4309023, (7)4309023, (8)4309046, (9)4300525, (10)4300852, (11)4300052, (12)4300358, (13)4300663, (14)4300628, (15)4309048, (16)4309040, (17)4301385. If you wrote the letter attached as Exhibit 2, to what wells do these numbers refer?

8. If you wrote the letter attached as Exhibit 2, were you provided the well numbers set forth in the letter by a member of the Holt family? If yes, from which member did you receive the well numbers? If no, from what source did you receive the well numbers?

9. Have you ever been engaged or consulted by any member of the Holt family for the purpose of obtaining legal services or advice? If yes:

a. With whom did you consult?

b. On what date did the consultation occur?

10. Have you ever been consulted by any member of the Holt family concerning the filing of a lawsuit based on the possible contamination of soil, air, and/or the well located on the real property at 340 Eno Road, Dickson, Tennessee? If yes:

a. With whom did you consult?

b. On what date did the consultation occur?

11. Have you ever been consulted by any member of the Holt family concerning the filing of a lawsuit based on the location, condition, operation, or maintenance of the Dickson County landfill? If yes:

a. With whom did you consult?

b. On what date did the consultation occur?

12. Have you ever been consulted by any member of the Holt family concerning the filing of a lawsuit based on allegedly discriminatory actions or inactions of the City of Dickson, the County of Dickson, the State of Tennessee, and/or the United States Environmental Protection Agency? If yes:

a. With whom did you consult?

b. On what date did the consultation occur?

13. Have you ever been consulted by any member of the Holt family concerning the filing of a lawsuit based on any family member's possible exposure to any chemical including, but not limited to, trichloroethylene ("TCE")? If yes:

    a. With whom did you consult?

    b. On what date did the consultation occur?

14. Have you ever been consulted by any member of the Holt family concerning the filing of a lawsuit based on any family member's adverse health condition(s)? If yes:

    a. With whom did you consult?

    b. On what date did the consultation occur?

15. Have you ever been consulted by any member of the Holt family concerning the relationship between any adverse health condition(s) and exposure to TCE? If yes:

    a. With whom did you consult?

    b. On what date did the consultation occur?

16. Have you, at any time, met or conferred with any member of the Holt family for any reason other than those reasons set forth in question nos. 9-15? If yes:

    a. With whom did you meet or confer?

    b. On what date did each meeting or conference occur?

        c. Did each meeting or conference occur for the purpose of obtaining legal services or advice?

        d. What was the general subject matter of each meeting or conference?

17. Have you ever been retained to represent any member of the Holt family? If yes:

        a. By which Holt family member(s) were you retained?

        b. On what date were you retained?

18. Have you performed any work, acts, or services for or on behalf of any member of the Holt family? If yes:

        a. What was the general nature of the work, act, or service you performed?

        b. On whose behalf was each act or service performed?

19. Have you ever provided any legal services to any member of the Holt family? If yes:

        a. What was the general nature of the legal service provided?

        b. On whose behalf was the legal service provided?

20. Have you ever given any legal advice to any member of the Holt family? If yes:

        a. What was the general subject matter of that advice?

9

Case 3:07-cv-00727   Document 339   Filed 06/29/09   Page 9 of 10 PageID #: 4284

        b. To whom was the advice given?

    20. Have you ever been authorized by any member of the Holt family to file a claim on any member's behalf? If yes, on whose behalf were you authorized to file a claim?

10