HARRY HOLT, et al., )
)
    Plaintiffs, )
)
vs. )    No. 3:07-cv-00727
)    JUDGE HAYNES
CITY OF DICKSON, et al., )
)
    Defendants. )
)

## ORDER

Plaintiffs, Beatrice Holt on behalf of Harry Holt deceased, Sheila Holt-Orsted, Jasmine
Holt-Orsted, Bonita Holt, O'Brian Holt, Brandon Holt, Patrick Holt, Demetrius Holt, David
Brown, Bianca Bentley, Anne Sullivan and Wanda Kay Stewart have brought this action against
the Defendants, City of Dickson, Tennessee, Dickson County, Tennessee, Commissioner Betsy
Childs, Commissioner Susan Cooper, and Saltire Industrial Inc. for contamination of springs and
water sources due to the disposal of the hazardous waste material, Trichloroethylene ("TCE"),
allegedly caused by the Scoville/Schrader plant operated by Saltire in Dickson County. (Docket
Entry No. 202, Second Amended Complaint).

Plaintiffs allege that Scoville and Saltire caused the contamination of their wells springs
and the West Piney River in Dickson County with TCE. Plaintiffs also allege that the Defendants
City of Dickson and Dickson County failed to warn Plaintiffs of this contaminated water, failed
to close these dump sites, and failed to take adequate remedial measures. Plaintiffs allege various
physical injuries, including cancers, polyps, skin ailments and intestinal disorders as well as
mental illnesses of their children due to their exposure to TCE in their water sources.

Additionally, the Plaintiffs have amended their consolidated complaint to assert claims for racial discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and 42 U.S.C. § 1983. (Docket Entry No. 202, Second Amended Complaint)

Before the Court are Defendants City of Dickson's (Docket Entry No. 393) and County of Dickson's (Docket Entry No. 397[1]) motions to dismiss any and all claims of Harry Holt. In these motions, Defendants contend that plaintiff Harry Holt has died and no substitution motion was filed by the Plaintiffs, though they did file a suggestion of death. Federal Rule of Civil Procedure 25(a) requires dismissal of a decedent's action if a motion is not made 90 days after a suggestion/notice of death is filed. Fed. R. Civ. P. 25(a). Defendants argue that Plaintiffs filed such a suggestion on October 16, 2007 and failed to make a substitution motion by January 14, 2008. Thus, Defendants believe that Plaintiff Harry Holt's claims should be dismissed pursuant to Rule 25(a).

Plaintiffs respond (Docket Entry No. 396, Plaintiff's Response to Defendant's Motion to Dismiss) that Defendants' motions should be denied as moot. Plaintiffs argue that Harry Holt has not been a party since the Court granted Plaintiffs' Motion to Amend their complaint (Docket Entry No. 200). Plaintiffs' amended complaint does not include Harry Holt as a party, but instead brings claims on Holt's behalf in the action through Beatrice Holt. (Docket Entry No. 202, Second Amended Complaint). Plaintiffs argue that an amended complaint supersedes the first complaint and renders the original a nullity; therefore Harry Holt is no longer party to the action—mooting Defendants' motions.

---

[1] Defendant County of Dickson joins Defendant City of Dickson and relies on City of Dickson's memorandum of law (Docket Entry No. 394) in support of their motion.

Once an amended pleading is filed, the original pleading no longer serves a function in the case and is considered to have no effect. B&H Med. L.L.C. v. ABP Admin Inc., 526 F.3d 257, n.8 (6th Cir. 2008). See also Drake v. City of Detroit, Michigan, 266 Fed. Appx. 444, 448 (6th Cir. 2008) ("an amended complaint supercedes all prior complaints").

The purpose of a Rule 15 amendment is to allow the Court to rule on the merits of the case rather than the technicalities of the pleadings. Moore v. Paducah, 790 F.2d 557, 561 (6th Cir. 1986). Defendants' argument alleges a technical deficiency in the original pleading that was cured through a Rule 15 amendment to the complaint.

Defendants also argue that the espousal of Harry Holt's claims require that the claims be transferred through a Fed. R. Civ. P. 25(a) motion and believes substitution through the amended complaint is not technically sufficient to transfer a decedent's claims. (Docket Entry No. 396, Defendant's Reply to Plaintiff's Response to Motion to Dismiss). However, Harry Holt's claims were espoused by Beatrice Holt through the amended complaint before the Plaintiff filed the suggestion of Harry Holt's death. At that point, the claims were properly transferred to Beatrice Holt. Federal Rule of Civil Procedure 25, upon which Defendants rely, concerns an action "by or against the decedent." F. R. Civ. P. 25(a). After the amended complaint was filed, this case ceased to concern an action by the deceased Harry Holt. Upshaw v. United States, 669 F. Supp. 2d 32, 36 (D.D.C. 2009) (motion to substitute is moot due to an amended complaint). Consequently, Defendants' motions are moot.

The Defendants' motions to dismiss (Docket Entry No. 394 and Docket Entry No. 397) are **DENIED**.

It is so **ORDERED**.

3

**ENTERED** this the _____ 14th_ day of January, 2011.

WILLIAM J. HAYNES, Jr.
United States District Judge