IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HARRY HOLT, et al., )
 )
    Plaintiffs, )
 )
vs. ) No. 3:07-cv-00727
 ) JUDGE HAYNES
CITY OF DICKSON, et al., )
 )
    Defendants. )
 )

## ORDER

Plaintiffs, Beatrice Holt on behalf of Harry Holt deceased, Sheila Holt-Orsted, Jasmine Holt-Orsted, Bonita Holt, O'Brian Holt, Brandon Holt, Patrick Holt, Demetrius Holt, David Brown, Bianca Bentley, Anne Sullivan and Wanda Kay Stewart have brought this action against the Defendants, City of Dickson, Tennessee, Dickson County, Tennessee, Saltire Industrial Inc. (formerly Scoville Inc.), Commissioner Betsy Childs of the Tennessee Department of Environment and Conservation and Commissioner Susan Cooper of the Tennessee Department of Health for contamination of springs and water sources due to the disposal of the hazardous waste material, Trichloroethylene ("TCE"), allegedly caused by the Scoville/Schrader plant operated by Saltire in Dickson County. (Docket Entry No. 202, Second Amended Complaint).

Plaintiffs allege that Scoville and Saltire caused the contamination of their well springs and the West Piney River in Dickson County with TCE. Plaintiffs allege that the Defendants City of Dickson and Dickson County failed to warn Plaintiffs of this contaminated water, failed to close these dump sites, and failed to take adequate remedial measures. Plaintiffs allege various physical injuries, including cancers, polyps, skin ailments and intestinal disorders as well as

mental illnesses of their children due to their exposure to TCE in their water sources. Additionally, the Plaintiffs have amended their consolidated complaint to assert claims for racial discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and 42 U.S.C. § 1983. (Docket Entry No. 202, Second Amended Complaint)

Before the court is Defendant City of Dickson's motion for sanctions (Docket Entry No. 378) arguing for the court to impose sanctions upon the Plaintiffs for failing to obey the Court's March 3, 2008 order. (Docket Entry No. 149-1). Defendant alleges that Plaintiffs have failed to provide signed HIPPA waivers for some of Plaintiffs' health care institutions and for all of Plaintiffs' individual doctors or health care providers, in violation of the court's order. Defendant seeks sanctions under Fed. R. Civ. P. 37(b) including: (1) an award of attorney's fees and costs associated with the motion; (2) that the Plaintiffs be prohibited from introducing into evidence any medical records from a health care provider for whom a release has not been provided as well as prohibited from introducing into evidence any information included in such record; (3) that the Court stays all proceedings until Plaintiffs comply with the court's order; (4) that Plaintiffs' claims against the City of Dickson be dismissed; (5) that Plaintiffs' failure to obey the discovery order be treated as contempt of court. (Docket Entry 379, Defendant's Memorandum in Support of Motion for Sanctions, at 15-16).

Plaintiffs respond (Docket Entry No. 382, Plaintiff's Response in Opposition to Defendant's Motion for Sanctions) that Defendant has failed to comply with Local Rule 37.01 that requires the parties to meet and confer before filing discovery motions, submit a joint written statement of the matters at issue, as well as a statement certifying that the movant conferred with the opposing counsel in a good faith effort to agree to resolve the issues. Plaintiffs argue that due to the failure of Defendant to follow the Local Rule's "meet and confer" requirement, Plaintiffs

2

cannot identify the nature or scope of the Defendant's complaints. Id. at 1-2. Plaintiffs claim that they have satisfied Defendant's requests for the names of all medical providers and executed medical release forms with two exceptions. Id. at 4; (Docket Entry No. 382-3, Declaration of George E. Barrett).

Local Rule 37.01(a) states that "prior to filing any discovery motion, counsel for the parties shall prepare a joint written statement of the matters at issue in the discovery dispute. The joint statement of issues shall be attached to any discovery motion." The Local Rules require that the Defendant attempts to address discovery disputes first through compliance with the Local Rules before seeking the remedies in the Federal Rules. United States ex. rel. Tomlin v. Royco, Inc., No. 3-02-1179, 2010 WL 1727888, *10 (M.D. Tenn. March 30, 2010). There is no indication that Defendant attempted to obtain Plaintiffs' cooperation in crafting the joint statement of the matters at issue as required by Local Rule 37.01(a). To grant sanctions pursuant to Fed. R. Civ. P. 37 would be unjust in this context. Richardson v. Rock City Mechanical Co., LLC., No. 3-09-0092, 2010 WL 711830, *3 (M.D. Tenn. Feb. 24, 2010).

Defendant argues that this is not a discovery dispute (Docket Entry No. 388, Defendant's Reply to Plaintiffs' Response to Defendant's Motion of Sanctions, at 6-10) because the Court has already ordered production of the documents that they are requesting. While this could be true, the Defendant's failure to meet and confer with the Plaintiffs at some point before filing a motion for sanctions leaves the Court with "the defendant's naked claim that plaintiffs' responses were either incomplete or nonexistent, countered by plaintiffs' assertions that they have answered fully and completely." Birmingham-Jefferson Co. Transit Authority Amalgamated Transit Union Local 725 Employees' Contributory Retirement Plan v. Boatright, No. 3:09-0304, 2010 WL 2490533, *2 (M.D. Tenn. June 16, 2010). Without a joint statement of the matters at issue or

3

even a certification of a good faith attempt to work out this dispute, the Court is left with nothing to base a decision on the merits of Defendant's motion. Consequently, the motion for sanctions (Docket Entry No. 378) is **DENIED without prejudice**.

It is so **ORDERED**.

ENTERED this the ___14th___ day of January, 2011.

WILLIAM J. HAYNES, Jr.
United States District Judge