IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HARRY HOLT, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:07-0727 |
| | ) JUDGE KNOWLES |
| | ) |
| CITY OF DICKSON, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court upon two related Motions: (1) a "Motion to Compel" filed by Defendant City of Dickson (Docket No. 445), and (2) a "Motion Quash Subpoena to Produce Documents Served on Wyatt, Tarrant & Combs LLP by City of Dickson" filed by Plaintiffs (Docket No. 449). The following background will be helpful to an understanding of the issues raised in these Motions.

As the Court has previously noted:

> [Plaintiffs] are twelve family members who belong to three generations of an African-American family residing on Eno Road in Dickson County, Tennessee. In 1968, Defendant City of Dickson opened a city dump and landfill on Eno Road adjacent to the Holt property. From 1968 to 1985, several companies routinely disposed of industrial wastes, including the toxic chemical trichloroethylene ("TCE") at the landfill and other locations in the vicinity. Plaintiffs aver that TCE and other wastes drained into the groundwater and migrated through the groundwater to contaminate Plaintiffs' well water. Each of the Plaintiffs has developed serious physical injuries, including cancer, neurological impairment, deformities of the reproductive organs, skin ailments and disfiguration, and deficiencies in the immune system. In fact, Plaintiff Harry Holt died of cancer in January of 2007.

Docket No. 353, p. 1-2.

Defendant previously filed a Motion to Dismiss Plaintiffs' claims against it based upon the statute of limitations. One of Plaintiffs filed an Affidavit in response to the Motion, stating that Plaintiffs first learned the basis for one of their claims in October 2003. *Id.*, p. 3. Other discovery revealed that Sharon Jacobs, an attorney in Nashville, may have consulted with one or more Plaintiffs in 2000. The City argued that, if Plaintiffs consulted with Ms. Jacobs concerning the contaminated well water and the effects thereof in 2000, this action could be barred in part by the applicable statute of limitations. *Id.*, p. 3-4.

In an effort to obtain information regarding these facts, the City noticed the deposition of Ms. Jacobs upon written questions, pursuant to Fed. R. Civ. P. 31. The deposition occurred on August 13, 2009. Ms. Jacobs answered certain questions, but responded to the majority of the questions by stating that she was unable to answer because of the attorney-client privilege.

Defendant thereafter filed a Motion to Compel, seeking to have the Court order Ms. Jacobs to respond to those questions. Docket No. 345. Plaintiffs and the City of Dickson subsequently filed a "Notice of Consent to Refer Matter to a Magistrate Judge," which stated in part, "The Plaintiffs and Defendant City of Dickson consent that any issues that arise in connection with the City's subpoena or the deposition of Ms. Jacobs may be referred to a Magistrate Judge of this Court pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72." Docket No. 335. The undersigned subsequently entered an Order requiring Ms. Jacobs to respond to questions 9-21. Docket No. 353.

Thereafter, Plaintiffs filed a "Motion to Alter or Amend or for Relief From, the Court's Order Granting in Part and Denying in Part Defendant City of Dickson's Motion to Compel."

2

Docket No. 355. The undersigned denied that Motion. Docket No. 360.

Defendant has now set the deposition of Ms. Jacobs. In connection with that deposition, Defendant served a subpoena to produce documents upon Wyatt, Tarrant & Combs, LLP, the law firm that employed Ms. Jacobs at the time she consulted with Plaintiff Harry Holt in 2000. The subpoena seeks the production of:

> Any and all documents in the possession of Wyatt, Tarrant & Combs LLP that were compiled, generated, and/or retained by Sharon O. Jacobs and/or Wyatt, Tarrant & Combs, LLP, as a result of any meetings between Harry Holt and/or Lavenia Holt and Sharon O. Jacobs.

Because the issues raised in the instant Motions have arisen in connection with the deposition of Ms. Jacobs, the undersigned will rule upon those issues pursuant to the consent filed by the parties.

The Wyatt firm filed a written objection to the subpoena, pursuant to Fed. R. Civ. P. 45(c)(2)(B). Pursuant to that same rule, Defendant filed the instant Motion to Compel, seeking an order compelling Wyatt to produce the documents requested in the subpoena. Wyatt thereafter filed a "Special Appearance and Response of Wyatt, Tarrant & Combs, LLP to Motion to Compel by City of Dickson." Docket No. 448. That response essentially stated that Plaintiff's counsel had declined to allow Wyatt to produce "privileged materials." The response stated that Wyatt took no position as to whether some of all of the material requested was subject to any privilege, but that Wyatt deferred to counsel for the Holts "to assert on their behalf the applicability of privilege to these documents." Wyatt therefore concluded that, absent a waiver from the client or an appropriate ruling from the Court, it could not produce the materials requested.

After the filing of Wyatt's response, Plaintiffs filed the instant Motion to Quash the subpoena and a supporting Memorandum. Docket Nos. 449, 450. Plaintiffs state that their Motion is filed "pursuant to Fed. R. Civ. P. 45(C)(3)(iii) [*sic*]." Docket No. 449, p. 1. The Court presumes Plaintiffs intended to refer to Rule 45(c)(3)(A)(iii), which states in relevant part:

> On timely motion, the issuing court must quash or modify a
> subpoena that:
>
> . . .
>
> (iii) requires disclosure of privileged or other protected matter, if
> no exception or waiver applies. . . .

The City's Motion to Compel seeks to sidestep questions concerning the attorney-client privilege, arguing that the subpoena does not specifically require Wyatt to produce the requested documents to the City; instead, the subpoena requires Wyatt to produce the documents to:

> Bone McAllester Norton, PLLC
> ATTENTION: Sharon O. Jacobs
> 511 Union Street, Ste. 1600, Nashville, TN

Defendant states that it subpoenaed the documents "[t]o help Ms. Jacobs prepare to answer" the questions as previously ordered by the Court. Docket No. 445, p. 2. Defendant argues in part as follows:

> Ms. Jacobs . . . was the attorney who participated in any
> communications that might be protected by the attorney-client
> privilege. Therefore, even if the requested documents are
> protected by the attorney-client privilege, it does not protect them
> from disclosure to Ms. Jacobs. There is no legal theory that
> prevents disclosure to Ms. Jacobs of any/all of the documents
> contained in the file that she compiled and maintained. Wyatt,
> therefore, should be ordered to produce the requested documents in
> accordance with the City's subpoena.

*Id.*, p. 2-3.

In its supporting Memorandum, Defendant continues as follows:

> The City does not desire, and has not requested, the disclosure of any privileged materials to a third party. The City has not requested to receive or review any documents related to any communication between Harry Holt and Ms. Jacobs. *The City simply desires and requests that the documents be produced to Ms. Jacobs for her review so as to aid her testimony during her deposition upon written questions.*
>
> . . .
>
> Ms. Jacobs is being asked to give testimony concerning events that occurred nearly eleven (11) years ago. Ms. Jacobs' testimony could establish that plaintiffs' claims are barred by the statute of limitations, and thereby put an end to this litigation. The Court ordered that she give this testimony, and specifically found that the information sought from her is not privileged. The City is requesting that the file Ms. Jacobs maintained concerning these events be produced *directly to her for the purpose of refreshing her recollection only.*
>
> *Ms. Jacobs' testimony would understandably be aided if she **first** reviewed the requested documents.* It only makes sense that Ms. Jacobs should be given every opportunity allowed under the law to refresh her recollection and thereby provide as complete and accurate testimony as possible.
>
> . . .
>
> Justice requires that Ms. Jacobs be permitted to review the documents requested by the City's subpoena. There is no legitimate reason to prevent her from doing so. *By requesting that the documents be produced directly to Ms. Jacobs, the City's subpoena ensures that any attorney-client privilege or other protection applicable to the requested documents remains in tact [sic] and is not violated.*

Docket No. 446, p. 5-6 (emphasis added).

In its Response, Wyatt also provided a copy of an e-mail from one of its attorneys, Andrew Campbell, to counsel for Plaintiff and all known counsel, which apparently listed documents and electronic documents that were in its possession and that were responsive to the subpoena. Docket No. 448, p. 2. Those documents are:

5

> (1) An invoice dated February 12, 2001 (#443793);
>
> (2) An invoice dated March 6, 2001 (#446473);
>
> (3) A letter dated 11/29/00 to Ms. Janet A. Harris, Dickson County Executive;
>
> (4) A letter dated 11/19/00 to Mr. Chuck Head, Manager, Nashville Environmental Assistance Center;
>
> (5) A letter dated 2/1/01 to Ms. Sherrie D. Holt (with no street address);
>
> (6) A letter dated 2/1/01 to Mr. Harry Holt and Ms. Lavenia Holt; and
>
> (7) An undated eight-page document.

*Id.*, p. 2.

Counsel for Plaintiffs thereafter sent a letter to Mr. Campbell dated August 4, 2011, via electronic and U.S. Mail, responding to Mr. Campbell's e-mail. Docket No. 448-3. That letter states in relevant part:

> As we have previously advised, Beatrice Holt, on Mr. Holt's behalf, has invoked the attorney-client privilege with regard to all case files, notes, and other materials prepared or retained in connection with Mr. Holt's consultation with and representation by Ms. Jacobs. We are considering our legal response to the City's subpoena; however our clients do not authorize the release of *any* case files or any other materials to anyone other than counsel for the Holts.

*Id.* (Emphasis added.)

Shortly thereafter, Plaintiffs filed a Motion to Quash the Subpoena and a supporting Memorandum. Docket Nos. 449, 450. Plaintiffs' position as to why the subpoena should be quashed is somewhat unclear. In their supporting Memorandum, Plaintiffs state as follows:

> The subpoena is legally unjustifiable for two reasons. First, Ms.

> Jacobs's attorney-client relationship with Harry Holt ended no
> later than 2001; and second, Ms. Jacobs now represents a party in a
> companion case with interests adverse to the Holt Plaintiffs'
> interest, including Mr. Holt's.

Docket No. 450, p. 1-2 (footnote omitted).

Their Memorandum also states:

> While the City's subpoena requests documents protected by the
> attorney client and attorney work-product privileges, it provides no
> legal basis justifying the piercing of those privileges. Absent any
> legal justification to cast aside the most vital protection of our
> adversarial system, the subpoena must be quashed.

*Id.*, p. 2.

Plaintiffs' first argument, concerning the end of the attorney-client relationship in 2001, is apparently simply an argument that Ms. Jacobs no longer represents Plaintiffs (or any of them), and, therefore, that any documents in the file should not even be disclosed to her. It is unnecessary for the Court to consider this argument in detail, however, because it is grounded upon the premise that the documents are protected by some privilege. This point will be discussed below.

With regard to Plaintiffs' second argument, regarding a potential conflicting interest by Ms. Jacobs, the Court addressed that point in its previous Order. As the Court stated in that Order:

> Finally, Plaintiffs argue that, "Compelling Ms. Jacobs' testimony
> would be fundamentally unfair given Ms. Jacobs' conflicting roles
> with respect to the Plaintiffs." Docket No. 351, p. 9. In support of
> this argument, Plaintiffs argue that Ms. Jacobs "currently
> represents a party that is adverse to the Holts in another case
> relating to the Dickson County Landfill, and has represented
> Defendant Dickson County in past matters related to the Landfill."
> *Id.,* p. 9-10. Plaintiffs, however, offer no authority for the
> proposition that Ms. Jacobs' representation of other parties with

7

>interests that are adverse to those of the Holt Plaintiffs is in any
>way relevant to the instant Motion to Compel. If Plaintiffs believe
>that Ms. Jacobs has some conflict, there are appropriate steps that
>they may take in order to address that issue. Resisting the instant
>Motion to Compel on this ground, however, is not one of those
>appropriate steps.

Plaintiffs' third argument simply assumes, without any concrete evidence, that "the City's subpoena requests documents protected by the attorney client and attorney work-product privileges . . . ." Essentially, Plaintiffs appear to argue that any documents in Wyatt's possession relating to any of the Plaintiffs are somehow automatically protected by one or both of these privileges. There are, however, two problems with this argument.

First, Plaintiffs do not discuss the individual documents at issue (which documents were plainly listed in the e-mail discussed above). In the absence of such discussion with regard to each individual document, the Court cannot make any determination as to whether those privileges apply.[1]

Second, and more fundamentally, Plaintiffs' statement is simply not correct as a matter of law. It is readily apparent that documents which might be in the Holts' "file" in the possession of Wyatt are not protected by the attorney client privilege simply because they happen to be in that file. For example, any privilege that may have been associated with the letters to Ms. Harris and Mr. Head has presumably been waived by the sending of those letters.[2] The two invoices

---

[1] Given Plaintiffs' position that they can prohibit the disclosure of the documents in Wyatt's file to the City, the Court presumes that Plaintiffs have access to these documents, that Plaintiffs could review these documents if they so desired, and that Plaintiffs could explain why each individual document is privileged.

[2] In fact, the letter to Ms. Harris has previously been filed as part of the record in this case. Docket No. 345-1.

could possibly contain privileged information, but the Court is unable to ascertan that from the information provided. Moreover, it is not clear that the letters to Ms. Sherrie D. Holt and Ms. Lavenia Holt are privileged, because, as the Court noted in its previous Order, Plaintiffs have conceded that, "No other Holt Plaintiffs [other than Harry Holt] have ever consulted with Ms. Jacobs." Docket No. 353, p. 6. Finally, the "undated eight-page document" may or may not be subject to any privilege, but, again, the Court cannot ascertain this from the information provided.

Plaintiffs point out that, "the City makes *no* argument that these documents are not protected by either privilege." Docket No. 450, p. 4 (emphasis in original). While this statement appears to be correct, it is irrelevant, because the burden is not upon the City to show that the documents are not protected by either privilege. Fed. R. Civ. P. 45(d)(2)(A) provides:

> (2) *Claiming Privilege or Protection.*
>
> > (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
> >
> > > (i) expressly make the claim; and
> > >
> > > (ii) describe the nature of the withheld documents, communications, or tangible things in a matter that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Thus, the burden rests upon the "person withholding subpoenaed information," not the City. It is, however, somewhat unclear as to who is "withholding" the subpoenaed information – Wyatt or Plaintiffs. If Wyatt is the "person" withholding the information, it has not met the requirements of either (i) or (ii). Wyatt does not "expressly make the claim" that the documents are privileged. As quoted above, Wyatt has stated that it "takes no position as to whether some

9

or all of the above-referenced material is subject to any privilege." Additionally, while Wyatt has listed the documents it has, it has not described the nature of the documents in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

If Plaintiffs are the persons withholding the information, while they have expressly made the claim, they have not described the documents in a manner that will enable the parties to assess the privilege claim.

The City has made another argument that should be addressed. The City argues that it subpoenaed the documents at issue to "help Ms. Jacobs prepare to answer" the City's questions. As discussed above, the City also argues that the documents are to be produced directly to Ms. Jacobs, "so that she can review the documents therein *prior to* her deposition." Docket No. .446, p. 4 (emphasis added).

The City apparently misses three important points. The deposition of Ms. Jacobs is a deposition upon written questions, and the Court has already ruled upon the specific questions that Ms. Jacobs must answer. Part of the disadvantage of a deposition upon written questions is that the deponent cannot be asked follow-up questions. *See* **Moore's Federal Practice 3d** § 31.02[3], p. 31-9. The written questions that the Court has ordered Ms. Jacobs to answer have nothing to do with documents or reviewing documents.[3] Thus, even if Ms. Jacobs responds to

---

[3] The only document specifically referenced in the written questions is a letter dated November 29, 2000, addressed to the County Executive of Dickson County. Docket No. 339, p. 5. In her previous deposition, Ms. Jacobs answered the main question related to that document, stating that she did not write the letter, and that she could not recall whether she authorized its issuance. Questions 4-8 all contain the proviso, "if you wrote the [referenced] letter . . . ." In its prior Order, the Court stated in part, "Thus, regardless of any claim of attorney-privilege, Ms. Jacobs was not required to answer questions 4, 5, 6, 7, or 8." Docket No. 353, p. 5.

one of the written questions with the statement, "I don't remember," the City cannot show her a document and ask her if that document refreshes her recollection (particularly when that document is not in the possession of the City).

Second, the Court is aware of no authority for the proposition that a party taking even an oral deposition of a witness can essentially force the witness to review documents for the purpose of "refreshing her recollection" *prior to the deposition*, and prior to the time it is shown that the witness's recollection needs refreshing. While a party taking a deposition may generally be entitled to show documents it has in its possession to a witness and ask questions about those documents, this apparently is not what the City contemplates. Because the documents will be "produced directly to [Ms. Jacobs]," the documents will not be in the possession of the City. And, as discussed above, the Court has already ruled upon the specific questions to which Ms. Jacobs must respond.

Third, it appears that the City misapprehends one of the key features of a deposition upon written questions. In such a deposition, counsel who prepared the written questions does not participate in the questioning. The reading of the questions is done by the "officer" before whom the deposition is taken. Rule 31(b) provides:

> Delivery to the Officer; Officer's Duties. The party who noticed the deposition must deliver to the officer a copy of all the questions served and of the notice. *The officer must promptly proceed in the manner provided in Rule 30(c)*, (e) and (f) *to*:
>
> > (1) *Take the deponent's testimony in response to the questions*;
> > (2) Prepare and certify the deposition; and
> > (3) Send it to the party, attaching a copy of the

questions and of the notice.

(Emphasis added.)

Rule 30(c)(3) specifically provides:

> (3) Participating Through Written Questions. Instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer. *The officer must ask the deponent those questions and record the answers verbatim.*

(Emphasis added.)

Thus, counsel for the City (or the other parties) will not be able to "control" the deposition or the questions asked therein.

For the foregoing reasons, the City's Motion to Compel (Docket No. 445) is GRANTED, and Plaintiffs' Motion to Quash the Subpoena (Docket No. 449) is DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge